# 𝔍𝔫 𝔱𝔥𝔢 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔉𝔢𝔡𝔢𝔯𝔞𝔩 ℭ𝔩𝔞𝔦𝔪𝔰

No. 18-1976C

(Filed: July 2, 2019)

```
*****************************************
                                         *
ROBERT SHAPIRO,                          *
                                         *
                    Plaintiff,           *
                                         *
v.                                       *
                                         *
THE UNITED STATES,                       *
                                         *
                    Defendant.           *
                                         *
*****************************************
```

### ORDER

    The Court, by its own motion, dismisses *pro se* Plaintiff Robert Shapiro's complaint for failure to prosecute under Rule 41(b) of the Court of Federal Claims ("RCFC"). On May 3, 2019, the Government filed a motion to dismiss Mr. Shapiro's complaint. Mr. Shapiro's response was originally due by June 3, 2019. Having not received a response by that date, the Court issued an order on June 13, 2019 giving Mr. Shapiro until Wednesday, June 26, 2019 to file a response and a statement explaining why the Court should not dismiss his complaint under Rule 41(b) of the Court of Federal Claims for failure to prosecute. The June 13 order also warned Mr. Shapiro that failure to comply with the Court's order will result in dismissal of the complaint. Mr. Shapiro did not file a response on or before June 26, 2019.

    RCFC 41(b) provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it." Rule 41(b) is a necessary tool to ensure efficient docket management and prevent undue delays in litigation. Link v. Wabash R.R. Co., 370 U.S. 626, 629–30 (1962). "While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently and disregards the court's rules and show cause order." Whiting v. United States, 99 Fed. Cl. 13, 17 (2011) (citing Kadin Corp. v. United States, 782 F.2d 175, 176–77 (Fed. Cir. 1986)). Here, Mr. Shapiro has failed to respond to the Government's motion to dismiss and to the

Court's show cause order. Dismissal is therefore not only appropriate but required to maintain judicial efficiency and conserve court resources.

Accordingly, this case is DISMISSED, without prejudice, for failure to prosecute in accordance with Rule 41(b), and all pending motions are dismissed as moot. The Clerk is directed to enter judgment for the Government.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge